Aaron Siri, AZ Bar No. 035890
SIRI & GLIMSTAD LLP
11201 North Tatum Boulevard, Suite 300
Phoenix, AZ 85028
Tel: (602) 806-9975
Fax: (646) 417-5967
Email: aaron@sirillp.com

Brandon M. Wise, *Pro Hac Vice to be Filed*
Adam Florek, *Pro Hac Vice to be Filed*
PEIFFER WOLF CARR KANE & CONWAY, LLP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Tel: 314-833-4825
Email: bwise@peifferwolf.com
Email: aflorek@peifferwolf.com

*Attorneys for Plaintiffs Richard and Nancy Martin*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Martin and Nancy Martin,<br><br>Plaintiffs,<br><br>v.<br><br>Bridgestone Retail Operations, LLC,<br><br>Defendant. | Case No:<br><br>**COMPLAINT** |

Plaintiffs Richard and Nancy Martin (collectively, "Plaintiffs"), through their undersigned attorney and upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, bring this lawsuit against Defendant Bridgestone Retail Operations, LLC ("Defendant" or "Bridgestone") for its violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and the American

Rescue Plan Act of 2021.  In support of their Complaint; Plaintiffs allege as follows:

## NATURE OF THE CASE

1. Defendant Bridgestone Retail Operations, LLC operates more than 2,000 tire and vehicle service centers across the United States, the largest network of company-owned service providers in the world, operating by and through brands such as: Firestone Complete Auto Care, Tire Plus, and Wheelworks.

2. Defendant has numerous retail facilities throughout Arizona, including the Firestone Complete Auto Care location in Goodyear, Arizona, store no: 22979, where Richard was employed at the time of his termination.

3. Defendant sponsors a group health plan, through its parent company Bridgestone Americas, Inc., which is a covered health plan under the Employee Retirement Income Security Act ("ERISA").

4. Plaintiff Richard Martin is a qualified beneficiaries under Bridgestone Americas, Inc. health plan (the "Health Plan") because he was a covered individual. Plaintiff Nancy Martin is considered a qualified beneficiary under the Health Plan because she is the spouse of a covered individual.

5. On April 15, 2021, Plaintiff Richard Martin suffered a qualifying event—he was involuntarily "separated" from Defendant's employ because his doctor indicated that he would have permanent restrictions on his ability to work and would never be able to return to his role as Manager of Tire Sales.

6. Thereafter, Plaintiffs received notice concerning their continuing health plan coverage informing them, *inter alia*, that they could elect continuing coverage under

COBRA and that COBRA Premium Assistance was available under the American Rescue Plan Act of 2021.

7. Plaintiffs attempted to elect COBRA coverage and were wrongly informed that they do not qualify for COBRA Premium Assistance under the American Rescue Plan Act of 2021.

8. Accordingly, Plaintiffs bring this action under the Consolidated Omnibus Budget Reconciliation Act, the Employee Retirement Income Security Act, and the American Rescue Plan Act to recover those premiums paid and for a declaration of their rights under the same.

## THE PARTIES

9. Plaintiff Richard Martin is citizen of Arizona and resides in Buckeye, Arizona. He was previously employed by Bridgestone Retail Operations, LLC at their Firestone Complete Auto Care location in Goodyear, Arizona.

10. Plaintiff Nancy Martin is citizen of Arizona and resides in Buckeye, Arizona. She is the spouse of Plaintiff Richard Martin.

11. Defendant Bridgestone Retail Operations, LLC, is a Delaware limited liability company with its principal place of business in Nashville, Tennessee and is licensed to do business as a foreign LLC in Arizona. Defendant may be served through its Statutory Agent, United Agent Group Inc. at 3260 N. Hayden Road, No: 210 in Scottsdale, Arizona 85251.

**JURISDICTION AND VENUE**

12.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States and pursuant to 29 U.S.C. § 1132, *et seq*. which permits any participant or beneficiary to bring a civil action to "recover benefits due to [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." Id. at § 1132 (a)(1)(B).

13.     This Court can exercise general personal jurisdiction over Defendant because they are actively engaged in ongoing and systematic business within the District – they employ numerous individuals, transact business, and enjoy the benefits of the laws of the state of Arizona.  Moreover, the Court can exercise specific personal jurisdiction over the Defendant because the acts giving rise to this cause of action—Defendant's violation of various federal statutes—occurred within the District.

14.     Venue is proper in the District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is deemed to reside in the District, pursuant to 28 U.S.C. § 1391(c)(2); and, § 1391(b)(2) because all of the events giving rise to this action occurred within the District.

**FACTUAL ALLEGATIONS**

15.     Defendant is a retail establishment which provides its employees with a sponsored group health plan, covered by ERISA and COBRA.  As such, its obligated to provide "qualified beneficiaries" the opportunity to elect "continuation coverage" under the Health Plan when the beneficiaries might otherwise lose coverage upon the occurrence of certain "qualifying events," including, *inter alia*, a reduction in hours or the termination

of the covered employee's employment (except in cases of gross misconduct).  29 U.S.C. § 1163.

16. On April 15, 2021, Richard received a Notice of Separation from Bridgestone Retail Operations ("Notice of Separation") which informed him that because he would never be able to return to his role as Manager of Tire Sales, he was being terminated from his employment with Defendant.  Notice of Separation, attached hereto as <u>Exhibit A</u>.

17. Richard never voluntarily resigned from his position at Bridgestone instead, as articulated in the Notice of Separation, Bridgestone "process[ed] [his] separation" because he was unable to return to work.  He was involuntarily terminated on April 15, 2021.

18. Richard's April 15, 2021 Termination was a Qualifying Event under 29 U.S.C. § 1163 because he was terminated from his employment for a reason other than gross misconduct.

19. On April 20, 2021, Richard contacted Courtney Samudio, Senior Regional HR Business Partner for the Southwest Region, for Bridgestone Retail Operations, LLC and requested information concerning the American Rescue Plan Act of 2021's Premium Assistance.  Ms. Samudio directed him to Defendant's Benefits Team.

20. After numerous emails with Defendant via Ms. Samudio and WageWorks, Inc. ("WageWorks"), the third party hired by Defendant to administer its various benefits programs, Richard was still no closer to receiving the requested information concerning his eligibility for Premium Assistance under the American Rescue Plan Act of 2021.

21. Finally, On May 20, 2021, Plaintiffs received a letter providing the statutorily mandated COBRA information, titled Important Notice Regarding Your COBRA Continuation Coverage (the "May 20 COBRA Notice"). May 20 COBRA Notice, attached hereto as Exhibit B.

22. The May 20 COBRA Notice informed Plaintiffs of the availability of COBRA coverage, the steps that would be necessary to elect coverage, and timeline for electing coverage. The May 20 COBRA Notice also included an additional notice, Notice of COBRA Premium Assistance Provisions Under the American Rescue Plan Act of 2021.

23. Shortly thereafter Plaintiffs attempted to elect COBRA coverage subject to the American Rescue Plan Act but were informed by WageWorks that they were unqualified.

24. Plaintiffs again contacted Defendant via Ms. Samudio and sought a clarification but their quest for an answer as to Richard's eligibility or coverage options went unanswered.

25. Finally, on July 28, 2021, Plaintiff received a letter through his WageWorks online account. The letter, dated July 7, 2021 (the "July 7 Letter"), stated that: "Bridgestone Americas, Inc., as plan fiduciary, has determined that you are not eligible to receive premium assistance under [the American Rescue Plan Act]." The July 7 Letter provided no further information nor an explanation as to why Richard was ineligible for Premium Assistance. July 7 Letter, attached hereto as Exhibit C.

## Count I
### Violations of the Employee Retirement Income Security Act and the Consolidated Omnibus Budget Reconciliation Act as to each Richard and Nancy Martin

26. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 25, as if fully set forth herein.

27. Defendant's Health Plan is a covered health plan under ERISA.

28. Richard Martin is a qualified beneficiary under the Health Plan because he was a covered individual during his employment and Nancy Martin is a qualified beneficiary under the Health Plan because she is the spouse of the covered individual.

29. Richard's termination from Defendant's employment is a qualifying event under § 1163(1) because he was terminated for reasons other than gross misconduct.

30. Defendant wrongfully denied Plaintiffs medical coverage due to them under COBRA and ERISA statutes.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant to recover benefits due to them under the terms of the Health Plan, to enforce and clarify their rights under the terms of the Health Plan, for reasonable attorney's fees, and for any other relief the Court deems just and appropriate.

## Count II
### Violations of the American Rescue Plan Act of 2021 as to each Richard and Nancy Martin

31. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 30, as if fully set forth herein.

32. Defendant's Health Plan is a covered health plan under ERISA.

33. Plaintiffs are qualified beneficiaries under the Health Plan.

34. Richard's termination is a qualifying event under § 1163(1) because he was terminated for reasons other than gross misconduct.

35. Plaintiffs elected continuation coverage as provided by COBRA.

36. Plaintiffs are not eligible for Medicare and Plaintiffs are not eligible for coverage under any other group health plan.

37. Defendant wrongfully denied Plaintiffs Premium Assistance under the American Rescue Plan Act of 2021.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant to recover all premiums paid following Richard's April 15, 2021 Termination, to enforce and clarify their rights under the American Rescue Plan Act including the payment of COBRA premiums under the Premium Assistance provisions of the same, for reasonable attorney's fees, and for any other relief the Court deems just and appropriate.

Dated: September 28, 2021        By:   /s/ Aaron Siri

Aaron Siri
AZ Bar No. 035890
SIRI & GLIMSTAD LLP
11201 North Tatum Boulevard, Suite 300
Phoenix, AZ 85028
Tel: (602) 806-9975
Fax: (646) 417-5967
Email: aaron@sirillp.com

Brandon M. Wise, *Pro Hac Vice to be Filed*
Adam Florek, *Pro Hac Vice to be Filed*
PEIFFER WOLF CARR KANE & CONWAY, LLP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Email: bwise@peifferwolf.com
Email: aflorek@peifferwolf.com

Attorneys for Plaintiffs